AT INDIANAPOLIS, MAY TERM, 1836, IN THE TWENTIETH
YEAR OF THE STATE.

---

## MEMORANDA.

IN: the last vacation, *Stephen C. Stevens*, Esquire, resigned his office as one of the Judges of this Court. He was succeeded by *Charles Dewey*, Esquire, who took his seat on the first day of the present term.

---

## THE STATE *v.* ADAMS.

If an affidavit be made under an act of congress relative to the sale of public land, and the party in making it commit perjury, he may be punished under the act of congress prohibiting the offence; but the Courts of this state have no jurisdiction of the case.

*Thursday,*
*June 2.*

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was an indictment for perjury. The charge is that the defendant wilfully, corruptly, &c. made a false affidavit of his being an actual settler on a certain tract

*Note.*—Judge *M'Kinney* was absent, in consequence of indisposition, during the whole of this term.

of public land, and that by means of that affidavit, he applied to enter the land under the act of congress of the 5th of *April*, 1832. The Circuit Court, on the defendant's motion, quashed the indictment for want of jurisdiction.

The only question for our consideration is, whether the Circuit Court had jurisdiction of the cause or not?

We have a statute saying, that any person who shall wilfully, corruptly, and falsely, make an affidavit, &c., shall be deemed guilty of perjury. Rev. Code, 1831, p. 186. And it is contended for the prosecution, that the indictment before us is sustainable under that statute. But this doctrine cannot be supported. The affidavit in question was made under an act of congress relative to the sale of public lands, and if the party in making it committed perjury, he must be punished under the act of congress prohibiting the offence. The state Courts have no jurisdiction of the case. The prosecutor refers us to the case of *Chess* v. *The State*, in this Court, *May* term, 1822. In that case it was decided, that a person guilty of counterfeiting the current coin of the *United States*, may be indicted and punished under the state law prohibiting the crime. There is a good reason for that decision. The act of congress of 1789, usually called the judiciary act, gives exclusive jurisdiction to the Federal Courts of all offences under the authority of the *United States*, unless where the laws of the *United States* shall otherwise provide. Gordon's Digest, 97. But the act of congress which prohibits counterfeiting the coin, expressly provides that nothing in that act shall deprive any state Court of jurisdiction over the offence, under the laws of the state. Gordon's Dig. 711. That proviso enabled us to say, that the Circuit Court of the state had jurisdiction in that case. *Houston* v. *Moore*, 5 Wheaton, 1. So, in the acts of congress of 1807 and 1816, concerning the forgery of the notes of the Bank of the *United States*, there are provisoes similar to the one we have mentioned in the act against counterfeiting the coin. Without such a proviso, the state Courts, since the judiciary act above referred to, can have no jurisdiction of offences cognizable under the authority of the *United States*. *Houston* v. *Moore*, 5 Wheaton, 1.—1 Kent's Comm. 398.—3 Story's Comm. 623.

There is an act of congress prohibiting perjury committed in cases like the one now before us. Gordon's Digest, 715. But there is no provision in that act, nor in any other act of

May Term,
1836.

congress known to us, which saves to the states the right of punishing perjury in such a case. It follows, of course, that the state Courts have no jurisdiction of the offence.

In the case of a false affidavit made under the revenue laws of the *United States*, it seems clear that in the absence of any special provision to the contrary, an indictment for the perjury must be found in the Federal Courts, and the punishment be according to the act of congress on the subject. And there is no reason why the law should not be the same, in the case of a false affidavit made under the laws of congress respecting the sale of the public lands.

The indictment, in the present case, was correctly quashed by the Circuit Court for the want of jurisdiction.

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*W. Herod* and *S. C. Sample*, for the state.
*M. M. Ray*, for the defendant.