THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS,
*v.* JOHN KELLY, APPELLANT.

CRIMINAL LAW.—JURISDICTION OF STATE TRIBUNALS.—State tribunals have no power to punish crimes against the laws of the United States, *as such.*

IDEM.—State tribunals have no jurisdiction of the charge of perjury committed by swearing falsely before the Register of the United States Land Office in a proceeding touching the public land.

APPEAL from the County Court of San Joaquin County.

The case is stated in the opinion.

*W. L. Dudley,* for Appellant.

By Act of Congress (see Brightley's Digest, Vol. 1, p. 215, Sec. 72), perjury, in reference to the public lands, is indictable, and what shall constitute perjury in relation thereto is defined, and punishment prescribed by the laws of the United States. It is, therefore, cognizable under its authority, and belongs *exclusively* to the jurisdiction of the United States Courts. State Courts can exercise no jurisdiction whatever over crimes and offenses against the United States, unless where, in some particular cases, the laws have otherwise provided. If the State Courts can entertain jurisdiction of the offense charged in this indictment, it must be

upon the theory that perjury committed in reference to the public lands is as much a crime against the State as against the United States; and if that doctrine can be sustained, then the offender is answerable to two Governments, and can be *twice* prosecuted and punished *for the same offense.*

Bishop, in his Commentaries on Criminal Law (Vol. 2, Sec. 866), says: "State tribunals cannot punish breaches of the United States laws, even though an Act of Congress undertake to give them the authority. *Neither can perjury against the United States be punished in the States as an offense against the State.*" See, also, in support of this doctrine, *The State* v. *Adams,* (4 Blackford, 146); *The State* v. *Pike,* (4 N. Hamp. 83.)

These authorities sustain the point as to want of jurisdiction in the County Court, and upon them we rest our argument on the demurrer.

*Jo Hamilton,* Attorney General, for Respondents.

The case of *The People* v. *Adams* (4 Blackford's Ind. Reps.) and the case of *The People* v. *Pike* (15 N. Hamp. Reps.) cited by Bishop (Criminal Law, Vol. 2, Sec. 866), and the rule, as laid down by Bishop, that State tribunals cannot punish breaches of the United States Laws, *even though an Act of Congress undertook to give them authority,* and that perjury against the United States cannot be punished as an offense against the State—if good law—are conclusive upon the question, and the Court below has no jurisdiction of the case.

I respectfully submit to this Court, that I am at loss to see why such should be the case. If the State tribunals cannot punish breaches of the United States laws in any case, whether within the offense is also contained an offense against the State, or not, then if the United States Courts refuse or fail to punish the offender, he will go unwhipped of justice. But if the State Courts may punish an offense against its own laws, which is contained within an Act which is an offense against the laws of the United States, then we can readily see our way out of the difficulty. There are many offenses against the laws of the United States

which contain within them crimes against the State. Treason, to illustrate, may be committed by levying war against the Government of the United States, and in the prosecution of that offense, murders may be committed; riots and unlawful assemblies may happen; arsons and burglaries, and larcenies are committed—which are offenses against the State. The robbing of the United States mails may contain, in the offense against the Government, the crime of larceny against the State, etc.

By the Act of Congress, approved May 3d, 1857 (see U. S. Stats. at Large, Vol. 11, pp. 250 and 251): First—Manslaughter, within the admiralty jurisdiction, and without the jurisdiction of any State; Second—Attempts to commit murder or manslaughter on the high seas, and perjury in oaths taken before officers in the general or local land offices of the United States, concerning the right to the public lands of the United States, are all made felonies against the laws of the United States, and all· persons guilty of any of said offenses are punishable by the laws of the United States. It will be borne in mind that this Act dates subsequent to the decision in *Adams* v. *The State*, the *The State* v. *Pike*, herein cited.

It is insisted that the power of a State Court, under this Act of Congress, is different from its power to inquire into and punish the crime of counterfeiting the current coin of the United States, because of the power in the latter case conceded by the Act. (See U. S. Stats. at Large, Vol. 2. p. 404, and Vol. 4, p. 121, which has been passed upon in *Fox* v. *State of Ohio*, 5 How. 410; *Moore* v. *Illinois*, 16 How. and *People* v. *White*, 34 Cal. 183.)

But I suggest that the crime of perjury committed by one who swears falsely in a proceeding before the Register, of the character charged in this indictment, does commit an offense against the laws of the State. He is guilty of the crime of perjury (Sec. 82, Chap. concerning Crimes and Punishments), and if the Federal Courts do not take hold of the offender and exercise their jurisdiction over the offense, that the State Court has and ought to exercise jurisdiction. (See Bishop on Criminal Law, Vol. 1, Sec. 653; also, Vol. 2,

Secs. 236-9 and 504; also, Bishop on Criminal Precedents, Vol. 2, 229.)

I think, therefore, that it may be contended that while this is an offense created, in this instance, by the Act of Congress of 1857, and a penalty thereon fixed, that it is also an offense punishable at common law, and conflicting with the statute law of the State, and the State Court can hear and determine the offense. For a full and very satisfactory discussion and application of the rule here insisted upon by respondent, I refer the Court to a recent case of *The State* v. *Rankin*, (4 Coldwell's Reps. pp. 147 to 161, inclusive.)

I confess that I cannot and do not assert this reasoning as conclusive, or even satisfactory to my own mind. I do say, however, that they are in harmony with the relative positions of the State—the lesser and minor sovereign with the Federal Government—and that the States have a right to punish offenses of this kind committed within their territory, which are against their own peace and dignity, even in cases where lands, the property of the United States, are the subject of the oath, and the officer who administered it is a Federal officer.

SAWYER, C. J., delivered the opinion of the Court:

The defendant was indicted for the crime of perjury, committed by swearing falsely as to settlement, residence and cultivation, before the Register of the United States Land Office, in the Stockton Land District, in the matter of his application to make proof of settlement and cultivation of a tract of land—a part of the public domain of the United States. A demurrer to the indictment was interposed, on the ground, among others, that the State Court had no jurisdiction of the offense, because it was not committed in any Court or tribunal of the State, nor against the State, but against the United States, and that it is only cognizable in the Federal Courts. The demurrer was overruled, and, upon a subsequent trial, a conviction had.

The fifth section of the Act of Congress of 1857, entitled "An Act in addition to an Act more effectually to provide

for the punishment of certain crimes against the United States, and for other purposes," provides as follows : "*And be it further enacted,* That in all cases where any oath, affirmation or affidavit shall be made, or taken before any Register or Receiver, or either or both of them, of any local Land Office in the United States, or any Territory thereof, or where any oath, affirmation or affidavit shall be made or taken before any person authorized by the laws of any State or Territory of the United States to administer oaths or affirmations, or take affidavits, and such oaths, affirmations or affidavits are made, used or filed in any of said local Land Offices, or in the General Land Office, as well in cases arising under any or either of the orders, regulations or instructions concerning any of the public lands of the United States, issued by the Commissioner of the General Land Office, or other proper officer of the Government of the United States, as under the laws of the United States, in anywise relating to or affecting any right, claim or title, or any contest therefor, to any of the public lands of the United States ; and any person or persons shall, taking such oath, affirmation or affidavit, knowingly, wilfully or corruptly swear or affirm falsely, the same shall be deemed and taken to be perjury, and the person or persons guilty thereof shall, upon conviction, be liable to the punishment prescribed for that offense by the laws of the United States."

The eighty-second section of our own State Criminal Code, under which the defendant was indicted, reads as follows : "Every person having taken a lawful oath or made affirmation in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, who shall swear or affirm wilfully, corruptly and falsely in a matter material to the issue or point in question, or shall suborn any other person to swear or affirm as aforesaid, shall be deemed guilty of perjury or subornation of perjury (as the case may be), and upon conviction thereof shall be punished by imprisonment in the State Prison for any term not less than one nor more than fourteen years."

There can be no doubt that the acts charged constitute an offense against the laws of the United States, under the

section of the statute quoted, but it is not so clear that it is embraced within the terms of our own statute. The "judicial proceeding" or "other matter where, by law, an oath or affirmation is required," may well refer to judicial proceedings and oaths required by the laws of the State only. It is not so clear that it was designed to extend to any other. The State tribunals have no power to punish crimes against the laws of the United States, *as such.* The same act may, in some instances, be an offense against the laws of both, and it is only as an offense against the State laws that it can be punished by the State, in any event. That the offense charged is not cognizable in the State Courts, the case of *The State* v. *Adams* (4 Blackf. 147) and *State* v. *Pike* (15 N. H. 83) are authorities directly in point. The first is entirely similar to the present case, the affidavit constituting the offense being with reference to the settlement of the defendant on the public lands. In the second case, the perjury charged was committed in a proceeding under the National Bankrupt Act. The Court distinguishes it from the class of cases like *Fox* v. *The State of Ohio* (5 How. 410), *Moore* v. *Illinois* (14 How. 14)˙ and *People* v. *White* (34 Cal. 183). On this point, in *State* v. *Pike,* the Court says : "Happily for us, however, we are of opinion that the classes of crime we have thus referred to, although there is some analogy between them and the case before us, do not necessarily govern this case. There is a distinction which we think is conclusive, whatever may be the true principle applicable to them. In those cases the acts done and charged as violations of the laws of both Governments, are not done in the course of the administration of the laws of either Government; but the matters from which the charge now before us arises are alleged to have occurred under and in the course of the execution of the laws of the United States. Those laws required certain things to be done. Congress had the right to prescribe how they should be done, to regulate the duties of all persons who acted under the law, and to prescribe penalties for the violation of such duties. In such case, if acts are done which, if transacted under the laws of this State, would have constituted offenses under the provisions of our Crimi-

nal Code, yet, being done in pursuance of the laws of another Government (having the sole power to regulate the whole proceeding), authorizing the act to be done, prescribing the mode, imposing the duty, and affixing the penalty for the violation of it, the acts cannot be regarded as having been done under the sanction of the laws of this State, so as to subject the parties to punishment under those laws.   Mr. Justice Story says exclusive jurisdiction is uniformly attendant upon exclusive legislation.  (2 Mason, C. C. Rep. 91; *United States* v. *Cornell.*   See, also, the opinion of Mr. Justice McLean, 9 Peters, 261; *United States* v. *Bailey.*)"

This distinction seems to be properly taken.  It follows that the demurrer should have been sustained.

Judgment reversed.

SANDERSON, J., expressed no opinion.