## JOHN FINLEY HOKE

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 11, 1887.*

1.   CONFLICT OF LAWS—*State and Federal jurisdiction—generally.* A State has the same jurisdiction over all persons and things within its territorial limits, as any foreign nation, when that jurisdiction is not surrendered, or restrained by the constitution of the United States, and all those powers which relate to merely municipal legislation, or what may be called internal police, are not thus surrendered or restrained; and consequently, in relation to these, the authority of the States is complete, unqualified and exclusive.

2.   SAME—*State and Federal courts—concurrent jurisdiction in criminal offences—punishment under different jurisdictions for the same act.* A general grant of jurisdiction to the Federal courts by act of Congress, is not, of itself, sufficient to vest exclusive jurisdiction in those courts, of all crimes and offences cognizable under the authority of the United States, unless so provided in the act.

3.   The State courts have jurisdiction to try and punish one guilty of the forgery of a draft purporting to have been drawn by a national bank. although such person may have been a clerk or book-keeper of such bank, and may be liable to punishment under section 5209 of the Revised Statutes of the United States, for the same act.

4.   The purpose of section 5209 of the Revised Statutes of the United States, is the protection of national banks, and the punishment of breaches of trust on the part of those holding fiduciary relations toward such banks. It is not leveled against the common law crime of forgery, but against a breach of trust, and the offence is made only a misdemeanor. The State law against forgery is in no way repugnant to that section.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

Messrs. SWETT, GROSSCUP & SWETT, for the plaintiff in error:

The offence charged in the proof was cognizable in the Federal courts, and was therefore excluded from the jurisdiction of the State courts.   Rev. Stat. of U. S. sec. 5209; Act of Congress of March 3, 1873, sec. 1; *Houston* v. *Moore,* 5 Wheat.

1; *Fox* v. *State,* 5 How. 410; *Moore* v. *Illinois,* 14 id. 13; *Ex parte Bridges,* 2 Wood, 428; *Ex parte Royall,* 117 U. S. 253; *Ex parte Houghton,* 7 Fed. Rep. 657; *State* v. *Adams,* 4 Blackf. 146; *Commonwealth* v. *Felton,* 101 Mass. 204; 1 Kent's Com. 398.

Mr. GEORGE HUNT, Attorney General, for·the People:

This is an offence against the State, and may be punished in the State courts. *Commonwealth* v. *Luberg,* 94 Pa. St. 85; *Dashing* v. *State,* 78 Ind. 357; *Hammond* v. *State,* 14 Md. 149; *Fox* v. *State,* 5 How. 433; *United States* v. *Marigold,* 9 id. 560; *People* v. *Kelly,* 38 Cal. 145; *Moore* v. *People,* 14 How. 13.

The crime of forgery is not identical with that created by section 5209 of the United States statute. 4 Blackstone's Com. 436; Chitty on Crim. Law, 451; 2 Russell on Crimes, 41; Archbold's Crim. Pl. 82; 3 Greenleaf on Evidence, sec. 36; *Freeland* v. *People,* 16 Ill. 380.

That plaintiff in error has committed the offence or offences which may be punished under either or both the State and United States laws, can not deprive the State courts of jurisdiction. *United States* v. *Marigold,* 9 How. 560; *Fox* v. *State,* 5 id. 410; *Commonwealth* v. *Fuller,* 8 Metc. 313; *Harlan* v. *People,* 1 Doug. 207; *State* v. *Brown,* 1 Hayw. 116; *Phillips* v. *People,* 55 Ill. 433; *Ex parte Rogers,* 10 Tex. App. 665; *Gardner* v. *People,* 20 Ill. 430; *Wragg* v. *Penn Township,* 94 id. 11; *Robbins* v. *People,* 95 id. 175.

Mr. J. M. NIEHAUS, State's Attorney, and Mr. N. E. WORTH-INGTON, also for the People:

The right to punish crime is inherent in the State, and has never been surrendered. *Eells* v. *People,* 4 Scam. 498; *Commonwealth* v. *Luberg,* 9 Pa. St. 85; *Harlan* v. *People,* 1 Doug. 210; 1 Kent's Com. 387; 2 Story on Const. 619; Serg. on Const. Law, 275; *Calder* v. *Bull,* 3 Dall. 386; *Sturges* v. *Crow-*

*ingshield,* 4 Wheat. 193 ; *Dunne* v. *People,* 94 Ill. 141 ; *Haw-thorne* v. *People,* 109 id. 302.

The offence is not the same under both laws. Any individual, whether connected with a national bank or not, who unlawfully takes a bill of exchange signed in blank by the cashier of a bank, fills up the blank, and negotiates it with intent to defraud, is guilty of forgery.    *Wilson* v. *South Park Commissioners,* 70 Ill. 46 ; 2 Russell on Crimes, 321 ; Archbold's Crim. Pr. 342 ; *Rex* v. *Birket,* 1 British C. C. 86 ; *Regina* v. *Bateman,* 1 Cox C. C. 186 ; *Regina* v. *Beard,* 34 Eng. C. L. 497 ; *Kroeger* v. *State,* 47 Mo. 552 ; *People* v. *Graham,* 6 Park. Cr. 135.

An individual may, by the same act, subject himself to liabilities to different jurisdictions ; and yet this is not double punishment where the *status* of the offences is different.    *Fox* v. *State,* 5 How. 410 ; *Moore* v. *State,* 14 id. 13 ; *United States* v. *Marigold,* 9 id. 560 ; *Hendrick's case,* 5 Leigh, 707.

Two offences may be included in the same act.    *Hankins* v. *People,* 106 Ill. 628.

The same act may constitute an offence both against the State and a municipal corporation, and both may punish it without violation of any constitutional principle.    *Robbins* v. *People,* 95 Ill. 175 ; Cooley's Const. Lim. 199.

That the same act may be an offence against two different jurisdictions is no longer an open question.    *Ambrose* v. *State,* 6 Ind. 351 ; *Hankins* v. *People,* 106 Ill. 629.

And may be a violation of distinct and different laws, and punishment may be inflicted by different sovereignties.    *Eells* v. *People,* 4 Scam. 514.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The plaintiff in error, John Finley Hoke, was convicted of the crime of forging a draft for $1000, purporting to be drawn by the Merchants' National Bank of Peoria, upon the Mer-

chants' Exchange National Bank of New York, of the date of
September 1, 1885, and was sentenced to imprisonment in the
penitentiary for the term of five years.

It appears from the evidence that Hoke was a book-keeper in
the Merchants' National Bank of Peoria, a corporation organ-
ized under the National Banking act, and there he, without
authority, filled up, in his handwriting, the draft in question,
which had been signed in blank by the assistant cashier, and
delivered the same to one G. I. Brown in payment of margins
upon certain deals of Hoke on the board of trade, and that no
money was paid therefor by Brown to Hoke or the bank. Hoke
at the time made false and untrue entries in the books of the
bank, in order to conceal the fact of the unlawful issuance of
the draft. The draft was afterward paid by the Merchants'
National Bank in the ordinary course of business.

Counsel for plaintiff in error, in the opening of their written
argument, say: "We desire expressly to restrict the review of
this case to but one question, viz: Did the court have juris-
diction, and did it err in refusing appellant's instructions on
that point? We contend that the offence charged in the proof
against appellant was cognizable in the Federal courts, and
was therefore excluded from the jurisdiction of the State court."

Section 5209 of the Revised Statutes of the United States is
as follows:

"Every president, director, cashier, teller, clerk or agent of
any association, (referring to national banks,) who embezzles,
abstracts or willfully misapplies any of the moneys, funds or
credits of the association, or who, *without authority from the
directors*, issues or puts in circulation any of the notes of the
association, or who, without such authority, issues or puts
forth any certificate of deposit, *draws any order or bill of ex-
change*, makes any acceptance, assigns any note, bond, draft,
bill of exchange, mortgage, judgment or decree, or who makes
any false entry in any book, report or statement of the asso-
ciation, with intent, in either case, to injure or defraud the

association, or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association, and every person who, with like intent, aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

It is urged that the offence established by the proof upon the trial of this case, is an offence under this section of the statutes of the United States, and that, being an offence thereunder, it is punishable in the United States courts alone.

The act of Congress, March 3, 1875, (sec. 1, Sup. Rev. Stat. 173,) provides: "That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, etc., * * * arising under the constitution or laws of the United States, or treaties made, etc. * * * And shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except as otherwise provided by law."

Chancellor KENT, in respect of the concurrent power of the States in matters of judicial cognizance, observes: "In the judicial act of 1789, the exclusive and concurrent jurisdiction conferred upon the courts by that act were clearly distinguished and marked. The act shows, that in the opinion of Congress a grant of jurisdiction, generally, was not, of itself, sufficient to vest an exclusive jurisdiction. The judicial act grants exclusive jurisdiction to the circuit courts, of all crimes and offences cognizable under the authority of the United States, except where the laws of the United States should otherwise provide; and this accounts for the proviso in the act of 24th February, 1807, (c. 75,) and in the act of 10th of April, 1816, (c. 44,) concerning the forgery of the notes of the Bank of the United States, declaring that nothing in that act contained should be construed to deprive the courts of the individual

States of jurisdiction, under the laws of the several States, over offences made punishable by that act. There is a similar proviso in the act of 21st of April, 1806, (c. 49,) concerning the counterfeiting of the current coin of the United States. Without these provisos, the State courts could not have exercised concurrent jurisdiction over those offences, consistently with the judicial act of 1789." 1 Kent's Com. (1st ed.) 373. And yet, in *Prigg* v. *Pennsylvania,* 16 Pet. 627, in asserting the exclusive power of Congress over the subject of fugitive slaves, Justice STORY observes: "To guard, however, against any possible misconstruction of our views, it is proper to state, that we are by no means to be understood, in any manner whatever, to doubt or to interfere with the police power belonging to the States in virtue of their general sovereignty. That police power extends over all subjects within the territorial limits of the States, and has never been conceded to the United States." And in *City of New York* v. *Miln,* 11 Pet. 138, it was said: "That a State has the same undeniable and unlimited jurisdiction over all persons and things, within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered, or restrained by the constitution of the United States. * * * That all those powers which relate to merely municipal legislation, or what may, perhaps, more properly be called *internal police,* are not thus surrendered or restrained; and that, consequently, in relation to these the authority of the State is complete, unqualified and exclusive."

In *Eells* v. *The People,* 4 Scam. 498, Eells had been indicted under a statute of this State making it an offence to harbor and secrete any negro slave, or to hinder or prevent the lawful owner of such slave from re-taking him, and the point was made in the defence, but not sustained, that the offence described in the indictment was precisely such an offence as was indictable under the fugitive slave law of Congress of 1793. The Court, by SHIELDS, J., there said: "This (the State) law prescribes a rule of conduct for our own citizens. If the State

can do this, (and I hardly think the power questionable,) it can punish those who violate the rule. If a State has power to regulate its own affairs, it has the power to define offences and punish offenders." And again: "It is also said that this law may punish a man twice for the same offence. There is no force whatsoever in this objection. The offences are separate and distinct,—violations of distinct and different laws,—and the punishments inflicted by different sovereignties." The conviction in the case was affirmed by the Supreme Court of the United States in *Moore* v. *The People*, 14 How. 13, Moore being the executor of Eells. It was there said by the court: "But admitting that the plaintiff in error may be liable to an action, under the act of Congress, for the same acts of harboring and preventing the owner from ré-taking his slave, it does not follow that he would be twice punished for the same offence. * * * The same act may be an offence or transgression of the laws of both," (State and United States,) for which, as afterwards said, the offender is justly punishable. And it was there further said: "The power to make municipal regulations for the restraint and punishment of crime, for the preservation of the health and morals of her citizens, and of the public peace, has never been surrendered by the States or restrained by the constitution of the United States."

The indictment in this case is for the crime of forgery. In the offence described in section 5209, above, of the United States law, which is claimed as being the same as that shown by the proof here, the offender is an officer or clerk of a national bank, who, without authority from the directors, draws any order or bill of exchange, with intent to injure or defraud, etc. The offences do not appear to be the same. Under this indictment for forgery there could not, we apprehend, be a conviction for the offence described in section 5209. Nor would an indictment charging merely the offence described in that section, sustain a conviction for forgery. The objects of the United States law and the State law appear to be different. The

purpose of the former seems to be for the protection of national banks; to punish breaches of trust on the part of those holding fiduciary relations toward such banks; to punish what is of the nature of a private crime. The State law is for the protection of the public against the public mischief to the people of the State from the perpetration of forgeries. The United States statute is not leveled against the crime of forgery, but against a breach of trust. The offence is called but a misdemeanor. There is no apt language in section 5209 to describe forgery. Whenever Congress has legislated with respect to that offence, it has used the language which is appropriate for its description. Thus, under title 70, (Rev. Stat. of U. S.) section 5414 provides: "Every person who, with intent to defraud, falsely makes, forges, counterfeits or alters any obligation," etc., of the United States, shall be punished by a fine of not more than $5000, and by imprisonment at hard labor not more than fifteen years. Section 5415: "Every person who falsely makes, forges or counterfeits," etc., any of the circulating notes of any banking association authorized by the United States, shall be imprisoned at hard labor, not less than five nor more than fifteen years, and fined not more than $1000. And so of other sections providing for the punishment of forgery, where the United States may be injured, the description of the offence is in the like apt language. The punishment there denounced against the crime of forgery is greater than that prescribed in section 5209 for the breach of trust there made punishable, exceeding it by five years in extent of imprisonment. And section 5328, under this same title, (70,) declares, "nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

There is thus manifestation in the legislation of Congress that section 5209 is not directed against the crime of forgery; that the offence provided against in that section is of less degree than that of forgery; and that it was not the intent to sus-

pend, in any respect, the jurisdiction of the State courts over the crime of forgery under State laws, inasmuch as the United States law providing for the punishment of forgery declares that nothing therein shall be held to take away or impair the jurisdiction of the State courts under State laws. The State law is in no way repugnant to section 5209, and is not at all in the way of supplement to the legislation therein. It is but a statute for the punishment of the common law crime of forgery. Because it happens to appear in the proof in this case that the wrongdoer was the clerk of a national bank, and that the draft was drawn without authority from the directors of the bank, thus presenting the peculiar elements which constitute the offence in said section 5209, and because, may be, the proof shows nothing more than what amounts to the offence described in that section, we do not think that thereby the jurisdiction of the State court over the crime of forgery should be taken to be suspended.

The cases cited in behalf of the plaintiff in error are mostly cases relating particularly to the execution of some Federal statute, or to some act done within some Federal tribunal. The distinction is taken in *State* v. *Pike*, 15 N. H. 83, between cases where the alleged criminal act is done in the course of the execution of the laws of the United States, and where not so done, and favoring the idea that the exclusive jurisdiction of the Federal courts may exist in the former class of cases, and not in the latter. The same distinction was recognized in *The People* v. *Kelly*, 38 Cal. 145, as one properly taken. The offence here charged was not committed in the course of the administration of any law of the United States. In *Commonwealth* v. *Luberg*, 94 Pa. St. 85, a conviction in the State court, of the offence of making false entries in the books of a national bank by the receiving teller of the bank, was sustained. But in *Commonwealth* v. *Felton*, 101 Mass. 204, it was held that the offence of the embezzlement of the funds of a national bank by its cashier was exclusively cognizable by the courts of the

United States, and that it was taken out of the jurisdiction of the State court, by the acts of Congress.

While the case does not seem to be entirely clear, upon the authorities, we are disposed to hold that the crime charged in the indictment, or that established by the proof, is not excluded from the jurisdiction of the State court.

The judgment will be affirmed.

*Judgment affirmed.*