[Crim. No. 17077. Fourth Dist., Div. Three. Sept. 30, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY ARLIN BEAUDRIE, Defendant and Appellant.

688

---

**COUNSEL**

Stephen S. Buckley for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—Gary Arlin Beaudrie appeals from the judgment finding him in violation of his probation and sentencing him to prison. He alleges the court was without jurisdiction to revoke his probation, the evidence was insufficient to support the judgment, and sentencing error. In a petition for writ of habeas corpus consolidated with this appeal he asserts he was denied effective assistance of counsel.

### FACTS

Beaudrie entered into a plea bargain in September 1980. In exchange for a plea of guilty to three counts of unlawful sexual intercourse (Pen. Code, § 261.5)[1] he was placed on probation with various conditions including "violate no laws" and one year in jail. In July 1981, while serving the jail term, he was arraigned on a petition alleging he violated his probation by writing a letter to his daughter (the victim of the unlawful intercourse) threatening his wife's life, in violation of a federal statute (18 U.S.C. § 876).[2] The public defender was appointed and Beaudrie denied the violation.

On August 3, 1981, counsel moved to dismiss the petition on due process grounds.[3] When the motion was denied, the deputy public defender "declared a conflict" and was relieved. The court appointed new counsel who questioned Beaudrie's present capacity to understand the proceedings and aid in his defense. Criminal proceedings were suspended,[4] Beaudrie personally waived jury trial, and the court found him incompetent based upon two previously prepared psychiatric reports. Following a report from the county mental health director (§ 1370, subd. (a)(2)), Beaudrie was committed to Patton State Hospital.

Beaudrie was returned from Patton to court (competency restored) in December 1981. Criminal proceedings were reinstated, third counsel appeared, and a revocation hearing was scheduled for February 1982. At the revocation hearing the court received two letters sent from Beaudrie to his

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Title 18 United States Code section 876 states in part: "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

[3] The deputy public defender argued an agreement with another superior court judge had been reached which called for the release of Beaudrie. No evidence of such an agreement is contained in the record on appeal or in the habeas corpus proceedings.

[4] Penal Code section 1368 et seq.

daughter and heard the testimony of eight witnesses. Beaudrie was found in violation of his probation.

He was sentenced to prison on March 24, 1982, for 28 months with appropriate credits.[5] One month later the court scheduled a hearing to modify the judgment.[6] Counsel moved to be relieved and new (fourth) counsel was appointed. In June Beaudrie sought a new revocation hearing alleging ineffective assistance of counsel. The court denied the motion. Beaudrie was resentenced to consecutive terms totaling 40 months. Bail on appeal and a request to augment the appellate record were summarily denied.

## DISCUSSION

### DUE PROCESS VIOLATION

Beaudrie asserts his incarceration from July 31, 1981, to February 25, 1982,[7] was without due process of law. *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], adopting the due process criteria of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], mandates " 'some minimal inquiry be conducted at or reasonably near the place of the alleged . . . violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.' " (*Vickers, supra,* 8 Cal.3d 451, 456.)

The numerous continuances experienced by Beaudrie between arraignment and revocation were either occasioned by Beaudrie's illness (physical and mental) or were at defense counsel's request with Beaudrie's assent. The People were prepared to proceed to hearing on July 31, August 3, and August 5, all times within reasonable proximity to Beaudrie's arraignment. Beaudrie was found to be incompetent after he personally, and through counsel, waived jury trial. His hospitalization was sufficient good cause to permit a continuance to December 22, 1981.[8] A revocation hearing was held in February at Beaudrie's request. Within the particular facts of the case, no due process violation occurred.

---

[5]It appears from the record the court believed the judge who presided over the section 1368 proceeding had actually sentenced defendant. In fact, the court had merely set his maximum confinement period. (§ 1370, subd. (c)(1).)

[6]The court was notified by the Board of Prison Terms the sentence was not properly computed.

[7]This represents the period from his expected jail release (based upon his original plea) to the finding he violated probation.

[8]Penal Code section 1050.

## Sufficiency of the Evidence

■ Beaudrie asserts since the court was without jurisdiction to determine whether he violated a federal statute, 18 United States Code section 876, or in the alternative, the evidence was insufficient to support the judgment, the court erred in revoking his probation. Penal Code section 777 declares where an offense is cognizable exclusively in the courts of the United States, no state criminal jurisdiction exists. Beaudrie seeks to construe section 777 as prohibiting a state court from finding a violation of probation *based upon* a violation of a federal offense not cognizable in California. The issue is one of first impression.

■ *Conviction* of a federal offense supports the revocation of probation. (*People* v. *Rafter* (1974) 41 Cal.App.3d 557 [116 Cal.Rptr. 281].) But because he had not suffered a conviction, Beaudrie advances *People* v. *Kelly* (1869) 38 Cal. 145 for the proposition the court was without jurisdiction to revoke his probation. Kelly was convicted of violating a federal perjury statute in a state court.[9] *Kelly* held state courts were without jurisdiction absent a corresponding state criminal statute (California had none).

■ Unlike *Kelly,* the inquiry of the court when considering probation revocation is not directed solely to the probationer's guilt or innocence, but to the probationer's performance on probation. Thus the focus is (1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct? It is irrelevant what law, in which jurisdiction, was violated. What is relevant is whether the probationer has shown he can conform his behavior to the parameters of the law. Thus prior acquittal of a state offense does not bar an order revoking probation (*In re Coughlin* (1976) 16 Cal.3d 52 [127 Cal.Rptr. 337, 545 P.2d 249]), nor is there a constitutional requirement trial of the underlying offense precede the probation revocation hearing. (*People* v. *Jasper* (1983) 33 Cal.3d 931 [191 Cal.Rptr. 648, 663 P.2d 206].) ■ It would be an anomaly to hold a federal conviction to be a condition precedent to a court's power to revoke probation where a state criminal violation need neither precede the hearing nor result in a conviction. (See *People* v. *Vanella* (1968) 265 Cal.App.2d 463, 465 [71 Cal.Rptr. 152].) The court properly exercised jurisdiction over the probation revocation hearing.

■ With respect to Beaudrie's claim the evidence was insufficient to support the judgment, the letter itself was sufficient for the court to conclude Beaudrie had threatened his wife through the mail in violation of federal law.

---

[9]Fifth section of the Act of Congress of 1857.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Beaudrie's habeas corpus petition contains numerous allegations of ineffective assistance of counsel. Appended to the petition are two affidavits; one containing an admission by trial counsel he forgot to move to dismiss the revocation petition at the close of the People's case and a second by an attorney who claims to have heard the trial court remark that had such a motion been made, it would have been granted. We granted the petition and transferred the proceedings to the superior court for what this court expected would be an evidentiary hearing on the issues presented. No hearing was conducted. The petition is again before the court. We must find, based upon the record before us, the petition fails to support a finding of ineffective assistance of counsel.[10]

■ To demonstrate ineffective assistance of counsel, " '[Defendant] must show that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates. In addition, [he] must establish that counsel's acts or omissions resulted in withdrawal of a potentially meritorious defense.' . . . [[or]] counsel failed to perform with reasonable competence and that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings. [[Citations.]]"[11] (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 581-584 [189 Cal.Rptr. 855, 659 P.2d 1144].) With this standard in mind, we consider each claimed inadequacy in the order presented.

Beaudrie suggests the mere number of players (four different judges and eight lawyers) who came in contact with this proceeding somehow resulted in a deprivation of rights. Nothing presented in the way of evidence or argument explains how this resulted in ineffective assistance of counsel.

Defendant argues a *Hitch* (*People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361]) motion should have been advanced, relying on an assertion by the deputy public defender at a pretrial hearing a letter had been destroyed by the probation officer. No evidence confirms the allegation. In addition Beaudrie does not tell us the relevance of the letter, or how it affected his case. (*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

---

[10]It is curious that counsel, who extols the shortcomings of trial counsel, would not have perceived that a return of the writ before the superior court would and should have afforded him an opportunity to conduct a full hearing. Perhaps at that time he could have demonstrated the factual basis for some if not all of his claims.

[11]Single brackets are present in the original; double brackets indicate the author's additions in this citation.

Beaudrie argues his extended incarceration violated due process. But as was pointed out previously, each continuance was for good cause and Beaudrie personally waived time.

Beaudrie suggests he was "railroaded" when his counsel, the prosecutor and the court certified him incompetent to stand trial and committed him to a state hospital. He suggests the medical reports did not demonstrate he was incompetent and the trial court failed to conduct a hearing on the issue. Beaudrie glosses over the fact he personally waived a jury trial on the issue of competency and specifically requested to be sent to the state hospital. No evidence exists in the record to show bad faith on the part of trial counsel or the court.

■ He claims counsel failed to move to dismiss the probation revocation petition at the close of the People's case. Based upon an affidavit by trial counsel, Beaudrie is correct. Although we are not aware of any authority for the proposition a motion to dismiss lies at a revocation hearing, we do not reach that issue since Beaudrie fails to meet the second prong of *Fosselman,* namely a ruling favorable to defendant would have resulted but for the omission. Beaudrie attempted to meet that burden by providing an affidavit from an attorney purporting to show the trial court would have dismissed the petition had a motion to dismiss been made. However, an affidavit to be admissible at a proceeding in habeas corpus, "like oral testimony at trial, must be given from personal knowledge and cannot contain hearsay. (*Gay* v. *Torrence* (1904) 145 Cal. 144, 152.)" (*Weathers* v. *Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 105 [95 Cal.Rptr. 516, 485 P.2d 1132].) An affidavit by an attorney containing a statement by the trial court is hearsay. Why Beaudrie did not obtain an affidavit from the judge is unexplained. Beaudrie has failed to carry his burden of proof.

Beaudrie complains the trial court used the wrong standard of proof in finding him in violation of his probation and counsel did not correct the error.[12] Since we found the evidence sufficient to uphold the judgment, we need not reach this issue.

■ Finally, Beaudrie claims the failure of trial counsel to exercise his *Arbuckle (People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]) rights prejudiced defendant. *Arbuckle* gave defendants the right to be sentenced, upon timely request, by the same judge who accepted a plea of guilty. Beaudrie asserts he had a right to be

---

[12]The trial court stated: "This court finds it has reason to believe Mr. Beaudrie is in violation of the terms and conditions of his probation and order (*sic*) the probation to be revoked at this time."

sentenced by the judge who took the *original* guilty plea. He fails, however, to recognize there is a distinction between a sentencing hearing following a plea of guilty and a sentencing following a revocation hearing. Beaudrie *was* sentenced by the same judge who accepted his original plea. Sentence was suspended and he was placed on probation. Once that sentence was imposed, *Arbuckle* no longer applied.

Individually and in sum, Beaudrie has failed to demonstrate counsel provided anything less than would be expected of a diligent advocate. (*People v. Fosselman, supra,* 33 Cal.3d 572.)

## SENTENCING ERROR

Beaudrie was sentenced to consecutive prison terms.[13] The trial court failed to state reasons for the sentence choice. (*People* v. *Kozel* (1982) 133 Cal.App.3d 507 [184 Cal.Rptr. 208]; *People* v. *Walker* (1978) 83 Cal.App.3d 619 [148 Cal.Rptr. 66].) Respondent concedes this was error. Beaudrie has a right to be resentenced.

The order finding defendant violated his probation is affirmed. If appellant requests resentencing within thirty days of the filing of the remittitur, the sentence is reversed. If no request is made, the judgment is affirmed. The petition for writ of habeas corpus is dismissed.

Trotter, P. J., and Wallin, J., concurred.

A petition for a rehearing was denied October 17, 1983.

---

[13]We were informed by counsel at oral argument that Beaudrie has completed his prison term and been paroled.