Filed 6/25/14  P. v. Turner CA3

<u>NOT</u> TO <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073954 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1211) |
| v. | |
| SCOTT ALLEN TURNER, | |
| Defendant and Appellant. | |

Defendant Scott Allen Turner pled no contest to:  1)  driving under the influence of alcohol after having been convicted within 10 years of a prior felony of driving under the influence; and  2) attempting to evade a pursuing police officer.  He admitted a prior conviction of driving under the influence of alcohol.  The trial court granted defendant probation on the condition he participate in a substance abuse program under the charge of his probation officer.  After defendant admittedly failed to complete two different residential treatment programs, the trial court revoked probation and sentenced him to three years and eight months in prison.  On appeal, defendant argues the trial court

1

abused its discretion when it terminated probation because his probation violation was "de minimis." Defendant also claims the trial court abused its discretion when it refused to consider his performance on probation. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Marysville police received a dispatch regarding a pickup truck driven by defendant, who was possibly under the influence of alcohol. When the officer located the pickup truck, the officer turned on the police car's emergency lights. Defendant then attempted to evade the officer. During the pursuit, defendant reached speeds of 90 miles per hour, temporarily lost control of his truck, swerved around lanes, and nearly hit another vehicle before stopping his truck and surrendering to the officer. When the officer approached defendant in his pickup, the officer smelled alcohol on his breath, found open beer and liquor containers behind the driver's seat, and noticed defendant's eyes were red and watery.

When defendant pled no contest to the various charges, the trial court granted defendant five years of probation under various terms and conditions, including participation "in any substance abuse program, whether it is alcohol or drugs . . . as directed by the Probation Department for any of those programs." Defendant enrolled in the Feather River Men's Center (Feather River), which is a residential drug and alcohol treatment program. The probation agreement signed by defendant provides, "[y]ou are to participate fully, obey all program rules, pay all related costs, and successfully complete the 12 month residential drug and alcohol program. Do not leave the program prior to successful completion." (Underline and bold text omitted.) Defendant remained enrolled in Feather River for approximately five months before Feather River terminated defendant prior to completion for "continuously breaking program rules and being disrespectful toward [the] staff." Defendant was allowed a second chance to attempt a

2

different residential treatment program.[1]  Defendant then entered the Salvation Army Residential Treatment Program (Salvation Army), but completed only approximately three months before the Salvation Army terminated him from the program for "continual disrespect and defiant behavior toward [the] staff."  Defendant admitted his failure to complete a substance abuse program as required under the terms and conditions of his probation.  Both programs terminated defendant for speaking abrasively and being confrontational with employees.

At the judgment and sentencing hearing, defendant addressed the trial court.  He took "full responsibility for [his] actions" in regard to being terminated from both the Feather River and the Salvation Army programs.  Defendant also admitted to participating in eight separate alcohol rehabilitation treatment programs in 10 years.  Defense counsel asserted that defendant's violations in each of the rehabilitation programs was "more of a subjective type of violation than . . . objective."  However, defense counsel did admit to defendant's being "demeaning and disrespectful," which constituted a violation of the programs' rules.

The trial court noted that it had "considered everything that ha[d] been said" during the proceeding.  In deciding to revoke probation, the trial court found "five factors in aggravation, [and] one in mitigation."  The trial court pointed out that defendant's admission to violating probation was the mitigating factor.  However, the trial court asserted that it could not reinstate probation because defendant had twice failed rehabilitation programs while on probation.  The trial court also pointed to defendant's driving under the influence convictions, the number of past offenses, the increasing seriousness of the offenses, and his prior unsatisfactory performance on probation as

---

[1]     Feather River reinterviewed defendant to determine his suitability to return to the program but declined to reaccept him because he did not appear willing to "make a strong enough commitment to the program."

aggravating factors.  The trial court revoked probation and sentenced defendant to three years, eight months in prison.

DISCUSSION

Defendant asserts the trial court abused its discretion when it terminated probation for what he calls a "de minimis" violation.  Defendant also argues the trial court abused its discretion by refusing to consider his performance on probation.  We disagree.

Penal Code section 1203.2, subdivision (a) provides that "the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision . . . regardless whether he or she has been prosecuted for such offenses."

"[A] decision to revoke probation when the defendant fails to comply with its terms rests within the broad discretion of the trial court." (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1267.)  "Although that discretion is very broad, the court may not act arbitrarily or capriciously; its determination must be based upon the facts before it." (*People v. Buford* (1974) 42 Cal.App.3d 975, 985.)  "[W]hen considering probation revocation [a court's analysis] is not directed solely to the probationer's guilt or innocence, but to the probationer's performance on probation.  Thus the focus is (1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct?" (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.)  The People must prove by a preponderance of the evidence the fact supporting probation revocation.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441-442.)

On appeal, we consider "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision, . . . giv[ing] great deference to the trial court and resolv[ing] all inferences and intendments in favor of the judgment.  Similarly, all conflicting evidence

will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.)

## I

*Defendant's Probation Violation Was Not De Minimis*

Relying on *Buford*, defendant contends that his dismissal from both the Feather River and the Salvation Army programs was a "de minimis" violation of his probation. We not only disagree with defendant's reading of *Buford*, but we find the facts of this case are vastly distinguishable from *Buford*. In *Buford*, there was scant evidence that the defendant's probation officer made any meaningful effort to contact the defendant regarding the defendant's conditions of probation and his later noncompliance. (*People v. Buford*, *supra*, 42 Cal.App.3d at pp. 978, 984-985, 987.) There, the appellate court held that revoking probation based on so little evidence of a *willful* violation was an abuse of discretion. (*Id.* at p. 985.) The court in *Buford* reasoned, "[t]o revoke [the defendant's] probation for his noncompliance with [the law], while excusing the noncompliance of the sentencing court, the jail officials, and/or the probation officer constituted an abuse of discretion." (*Id.* at p. 987.)

Here, defendant's willful noncompliance with probation was a direct result of his own actions. Unlike *Buford*, where the defendant did not commit a willful probation violation because his probation officer failed to advise him regarding the terms of his probation, defendant took full responsibility for failing both the Feather River and the Salvation Army programs. The probation order in this case, which defendant signed, *clearly* stated that defendant must "obey all program rules[,] . . . and successfully complete the 12 month residential drug and alcohol program" and to not leave the program before completion. (Underlining and bold text omitted.) These were material terms of the probation order, defendant was aware of these terms, and he violated them. Unlike defendant in *Buford*, who violated probation only because his probation officer failed to take required steps in informing the defendant to register as a sex offender,

5

defendant here continuously violated the rules of two rehabilitation programs, which resulted in his failing to complete a 12-month program. A failure to obey rules of the rehabilitation programs, resulting in a failure to complete the 12-month program, is not a "de minimis" violation. Defendant's violation is a willful failure to comply with conditions of his probation and the trial court did not err in revoking probation.

## II

### *The Trial Court Did Consider Defendant's Performance On Probation*

Defendant asserts that the trial court abused its discretion because it did not consider his performance on probation when it revoked his probation. Defendant is wrong.

At the judgment and sentencing hearing, the trial court allowed defendant to testify and call witnesses on his behalf prior to revoking probation. During the hearing, the trial court explicitly stated, "I have considered everything that has been said," referring to testimony of defendant and a letter from defendant's father. More importantly, after hearing defendant's witnesses and argument in favor of reinstating probation, the trial court stated that it considered, "five factors in aggravation, [and] one in mitigation." The trial court then clearly stated all of the factors and explained how it balanced the factors in favor of revoking probation. Because the trial court expressly stated on the record that it considered multiple factors, we presume the court did, in fact, consider those factors. "[U]nless the record affirmatively shows otherwise, a trial court is deemed to have considered all relevant criteria in deciding whether to grant or deny probation." (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318; Cal. Rules of Court, rule 4.409.) The trial court properly considered defendant's performance on probation and did not abuse its discretion.

6

DISPOSITION

The judgment is affirmed.

      ROBIE      , Acting P. J.

We concur:

      MAURO      , J.

      HOCH      , J.