Filed 1/14/26  P. v. Karatzidis CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102609 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF01459) |
| v. | |
| IOANNIS KARATZIDIS, | |
| Defendant and Appellant. | |

Defendant Ioannis Karatzidis appeals the trial court's revocation of his probation and imposition of a three-year prison sentence.  He argues termination of his probation was an abuse of discretion given the nature of his violation and the availability of less punitive options.  We affirm.

## I.  BACKGROUND

In March 2024, defendant was arrested after an altercation where he cut the victim in the face with a knife and attempted to take the victim's bicycle.  In May 2024, defendant pled no contest to charges of assault with a deadly weapon (Penal Code, § 245,

subd. (a)(1)—count 1),[1] attempted second degree robbery (§§ 664, subd. (a)/211—count 2) with an enhancement for use of a deadly weapon (§ 12022, subd. (b)(1)), and carrying a dirk or dagger (§ 21310—count 3). On June 18, 2024, the court imposed a sentence of two years' probation, noting the parties' no immediate state prison agreement and defendant's lack of criminal history.

On September 11, 2024, defendant was arrested for kicking a dog in violation of section 597, subdivision (a). The next day, the Butte County Probation Department (the Department) requested a hearing on his potential probation violation based on this arrest.

On October 9, 2024, the court held an evidentiary hearing regarding defendant's alleged probation violation. An Oroville Police Department officer testified that she responded to a report of animal abuse on September 11, 2024. After arriving, defendant told the officer he had kicked a little dog "like kicking a football" and that he "would kick another dog again." The officer then talked to the owner of the dog, who said defendant kicked her dog, causing the dog to fly "off his feet into a wall."

Defendant testified at the evidentiary hearing. He said he was relaxing on a bench when a dog without a leash came running up to his backpack that he had placed on the ground. Defendant explained that he was in a panic because he had issues with dogs in the area before, and the dog was unleashed and dirty. The dog's owner appeared, and defendant told her to take the dog away. After a brief exchange between defendant and the owner, the owner picked up the dog and walked away.

Defendant went to another bench nearby. The dog and the owner appeared again, this time with the dog on a leash. When asked at the hearing if he kicked the dog at the second bench, defendant answered, "Umm, yes," but then explained, "when you say kick, that, I shoved it away with my leg. I didn't kick it like a football. That part is not what I

---

[1] Undesignated statutory references are to the Penal Code.

2

do." Defendant elaborated that he was lying flat on the bench, and when the dog came close, he stood up and "I put my leg to block it. I kind of pushed back because it was coming towards me," and "I shoved it away." Defendant claimed that he told the officer he pushed the dog away from him and did not recall telling the officer he kicked the dog.

After defendant's testimony, the People argued they had met their burden of proof of showing a violation of section 597, based on: (1) the owner's statement to the police; (2) defendant's own statement that he kicked the dog; and (3) their contention that the force defendant used to allegedly defend himself was inappropriate, given the size of the dog. Defense counsel argued there was no violation because defendant did not kick the dog and only tried to keep the dog from getting on the bench with him.

The court found that the People had proven a violation of defendant's probation by a preponderance of the evidence, ordered a supplemental probation report, and set the matter for sentencing.

In its supplemental report, the Department noted that defendant reported to the department after being released on probation, failed to report in July 2024, completed a theft awareness class in August 2024, and paid his financial obligation in full. Defendant provided a written statement to the Department in which he stated he panicked because the dog was dirty, unleashed, and growling, but he never touched the dog, and he only acted out of self-defense. He claimed he would remove himself from the situation if something similar happened again.

The Department recommended that probation be denied, and defendant be sentenced to four years in prison. In reaching these recommendations, the Department noted that: (1) defendant returned to violent behavior only three months after being convicted of three felonies, including two serious felonies; (2) defendant did not have the ability to comply with probation, due to his transient lifestyle and ongoing aggressive behavior; (3) defendant had not expressed remorse for his conduct and had no interest in

3

addressing his anger issues; and (4) defendant was a danger to others if not imprisoned based on his unprovoked act of violence toward a dog.

At sentencing on the probation violation, defendant argued for a continuation of probation. The court found a factual basis for the probation violation and denied continuation of probation based on defendant's performance while on probation. The court noted that defendant violated probation shortly after beginning his term on probation. The court then imposed an aggregate sentence of three years' imprisonment.

Defendant timely appealed.

## II. DISCUSSION

Defendant argues that terminating probation and imposing a three-year sentence was an abuse of discretion given the nature of his violation and the availability of other less punitive options. We disagree.

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation. (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 447 . . . .) ' "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period. [Citations.]" [Citation.]' [Citation.] The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. (*Rodriguez, supra*, . . . at p. 447; [citation].) 'Probation revocation proceedings are not a part of a criminal prosecution, and the trial court has broad discretion in determining whether the probationer has violated probation.' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 772, fn. omitted (*Urke*).)

We review the trial court's probation revocation for an abuse of discretion; we review the trial court's factual findings for substantial evidence. (*Urke, supra*, 197 Cal.App.4th at p. 773.) "[G]reat deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the

4

granting and revocation of which are entirely within the sound discretion of the trial court.' " (*Ibid.*) When considering probation revocation, a court's analysis "is not directed solely to the probationer's guilt or innocence, but to the probationer's performance on probation. Thus[,] the focus is (1) did the probationer violate the conditions of his [or her] probation and, if so, (2) what does such an action portend for future conduct?" (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.)

" 'The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action.' " (*Urke, supra*, 197 Cal.App.4th at p. 773.) " ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation." ' " (*Ibid.*) The defendant maintains the burden of showing the trial court abused its discretion. (*Ibid.*)

Defendant contends the trial court abused its discretion by terminating probation because: (1) there was no evidence of injuries to the dog; (2) he completed one of his required programs and paid his fines and fees in full; (3) the court could have imposed lesser penalties instead of revoking probation; (4) the court could have ordered additional counseling to deal with defendant's possible anger issues; (5) he had no criminal history before the underlying case; (6) there were mitigating circumstances that led to defendant's physical contact with the dog; and (7) this single violation did not indicate he would violate probation again.

Defendant told the reporting police officer that he kicked the dog like a football, and the dog's owner told the officer that she saw defendant kick the dog so hard it flew against a wall. On this record, we conclude substantial evidence supports the trial court's determination that defendant violated section 597, subdivision (a), notwithstanding defendant's testimony that he only pushed the dog aside in order to keep the dog away. (See, e.g., *People v. Butcher* (2016) 247 Cal.App.4th 310, 318 [an appellate court reviewing the decision to revoke probation will not "reweigh conflicting evidence or

determine credibility on appeal"].)  Indeed, defendant concedes in his reply brief that he "technically violated the terms and conditions of his probation by violating the law."

In light of this violation, the trial court did not abuse its discretion by revoking probation, given defendant's violent conduct after only three months on probation, after he had pled guilty to a violent felony, and defendant's anger issues and lack of remorse. These circumstances tend to indicate that defendant would not be able to comply with probation in the future.  (See *People v. Beaudrie, supra*, 147 Cal.App.3d at p. 691.) Overall, defendant has not shown that revoking probation in this case was abusive or arbitrary.  (See *Urke, supra*, 197 Cal.App.4th at p. 773.)

### III.  DISPOSITION

The judgment is affirmed.


/S/
_____
RENNER, Acting P. J.



We concur:


/S/
_____
BOULWARE EURIE, J.


/S/
_____
FEINBERG, J.

6