## THE PEOPLE *v.* WILLIAM WHITE.

CONSTITUTIONALITY OF SECTION SEVENTY-EIGHT OF THE ACT IN RELATION TO CRIMES AND PUNISHMENTS.—The seventy-eighth section of the Act concerning crimes and punishments, providing for the punishment of counterfeiting money, etc., is not repugnant to the Constitution of the United States, or the laws of Congress made in pursuance thereof.

INDICTMENT—SUFFICIENCY OF.—An indictment is sufficient in substance if it describes the offense charged in the language of the statute by which it is created or defined.

SECTION SEVENTY-EIGHT OF THE STATUTE IN RELATION TO CRIMES AND PUNISHMENTS CONSTRUED.—To constitute the crime of knowingly having in possession counterfeiting tools, implements, etc., as created by the seventy-eighth section of the statute in relation to crimes and punishments, it is not only necessary to prove the known possession thereof by the defendant, but that such possession was with criminal intent.

IDEM.—To constitute crime there must be a joint operation of act and criminal intent, or criminal negligence.

CONSTRUCTION OF STATUTES.—To determine the true interpretation of the terms of a doubtful or ambiguous section, it is proper to read it in connection with others in the same Act dealing with the same general subject.

SETTLEMENT OF BILLS OF EXCEPTIONS IN CRIMINAL CASES.—The provisions of section four hundred and thirty-five of the Criminal Practice Act, prescribing the time within which bills of exceptions shall be tendered and settled are directory.

SUFFICIENCY OF BILLS OF EXCEPTIONS.—A bill of exceptions founded upon the allowance of a question stated, to which objection is made, which does not contain the answer thereto, is fatally defective.

PROOF OF CRIMINAL INTENT.—On the trial of a defendant for the crime of knowingly having in his possession counterfeiting tools and implements, it is competent, for the purpose of showing the criminal intent of such possession, for the people to prove that the defendant had counterfeit money also in his possession.

APPEAL from the County Court, Sonoma County.

The defendant was indicted by the Grand Jury of Sonoma County of the crime of knowingly procuring and having in his possession instruments, etc., used in counterfeiting United States gold coin, etc.

The following is a copy of the charging part of the indictment, to wit:

"The said William White, on the fourteenth day of February, A. D. 1866, at the County of Sonoma, did knowingly

procure and have in his possession a certain mould pattern, die, puncheon, tool instrument and apparatus, made of wood and iron, made use of in counterfeiting the gold and silver coin of the United States, now made current in this State, to wit: a gold coin called a double eagle, of the value of twenty dollars, and a silver coin called half a dollar, contrary to the form of the statute," etc.

The defendant demurred to the indictment on the grounds: First—That the facts stated in the indictment do not constitute a public offense; Second—That said indictment does not conform substantially to the requirements of sections two hundred and thirty-seven and two hundred and thirty-eight of the Criminal Practice Act, in this, to wit: it does not state that the defendant had the said instrument or instruments in his possession for the purpose or with the intention to use the same in counterfeiting the coin of the United States, or defrauding any person, or body politic or corporate. The demurrer was overruled by the Court, and defendant duly excepted.

From the bill of exceptions settled and allowed by the Judge of the Court below it appeared that one Miller—a witness for the people—was asked by the District Attorney if he had seen the defendant have any counterfeit money in his possession. The question was allowed by the Court, under the objection on the ground of irrelevancy and the exception of the defendant; but the answer of the witness, if any was given, was not stated.

The defendant was convicted, and appealed.

The other facts are stated in the opinion of the Court.

*George W. Tyler*, for Appellant, argued:

That the indictment is fatally defective in this: that it does not allege the defendant had the tools or instruments in his possession with intent to use them in counterfeiting, or with felonious intent; and cited Criminal Practice Act, Sec. 1. That the criminal intent or criminal negligence

must be proved by the people to justify a conviction in every case, else there will be wanting one element essential to the existence of any crime. That, as the *allegata* and *probata* must correspond, it is equally imperative that such *criminal intent* or *criminal negligence* must be both *alleged* in the indictment and *proved* on the trial. That the Court erred in allowing the prosecuting witness to be questioned about counterfeit money seen by him in the possession of the defendant, because such possession, if established, constituted another and separate offense. That the error was not cured, or its materiality less apparent, because the answer of the witness was not stated in the bill of exceptions; and this, because the law clearly contemplates that the bill of exceptions was settled and signed *at the time* of the ruling of the Court upon the objection, which, in this, as in most cases, was to the question and before the answer was given; and cited Stats. 1861, p. 589; *Grimes* v. *Hall*, 15 Cal. 66. That the statute of California under which this indictment is drawn is in conflict with the Constitution of the United States, (Art. I, Secs. 8, 20,) and with the statutes of the United States, (2 U. S. Stats. at Large, 404; 4 U. S. Stats. at Large, 121;) and cited *Fox* v. *State of Ohio*, 5 How. 411; *United States* v. *Marigold*, 9 How. 560.

*J. G. McCullough, Attorney-General*, for the People, in argument asserted the constitutionality of the statute under which the defendant was indicted; and cited 1 Bish. Cr. L., Secs. 613, 613 *a*, 655; 2 Bish. Cr. L., Secs. 237–39, 504; 2 Bish. Cr. Pr. 229.

2. That the indictment charges all the terms of the statute and every ingredient of the offense as there defined; and cited *People* v. *Shaber*, 32 Cal. 36; 1 Bish. Cr. Pr., Sec. 280, note, 278–81; *People* v. *Harris*, 29 Cal. 681, 682.

3. That the question put to witness Miller was proper; and cited *People* v. *Winters*, 29 Cal. 658. That the error of

24

its allowance (if error it was) was immaterial because not answered; and cited *People* v. *Graham*, 21 Cal. 265.

By the Court, SANDERSON, J. :

The point made on behalf of the appellant, to the effect that the seventy-eighth section of the statute in relation to crimes and punishments, under which the indictment was found, is unconstitutional, because it is repugnant to the Constitution of the United States (Art. I, Sec. 8, Subs. 5 and 6) and the laws of Congress made in pursuance thereof (2 U. S. Statutes at Large, 404; 4 Id. 121) has been expressly decided by the Supreme Court of the United States adversely to the views advanced by counsel. (*Fox* v. *The State of Ohio*, 5 How. 410 ; *Moore* v. *Illinois*, 14 How. 13.) In the former case it was expressly held that the clause in the Federal Constitution which confers upon Congress the power to coin money and punish counterfeiting does not prevent the several States from also doing the latter.

The laws of Congress, to which we are referred, do not prohibit the States from passing laws on the subject, but on the contrary expressly provide that nothing therein contained shall be construed to deprive the State Courts of jurisdiction to punish for the same offenses under State laws. (2 U. S. Stat. at Large, 405, Sec. 4 ; 4 Id. 122, Sec. 26.)

To say that the indictment states no offense is to say that the statute defines none, for the former follows, and employs the precise language of the latter, which, as we have uniformly held, is sufficient to make a good indictment. The language of the statute and of the indictment being the same, the latter must be understood in the same sense as the former.

As to the interpretation to be given to the statute, we agree with the learned counsel for the appellant. We do not consider that it was the intention of the Legislature to declare that every person who knowingly has in his posses-

sion any of the tools, implements or materials mentioned in the statute; or, in other words, any tools, implements or materials which are or may be used in counterfeiting, without any criminal intent, shall be deemed guilty of crime. To so hold would be to ignore one of the indispensable elements of crime. To constitute crime, in the nature of things and according to the declared will of the Legislature, there must be a joint operation of act and criminal intent, or criminal negligence. (Section 1 of the Act in relation to crimes and punishments.) If the mere making or knowingly having in possession paper and metals which are used in counterfeiting, without any intent to make such use of them, be a crime, then is every maker of bank paper and every vendor or worker in gold, silver and such base metals as are, or may be used in counterfeiting, guilty of crime. Doubtless there are many tools and implements in use among artisans which are adapted to, or can be, and are made use of by counterfeiters in their business; if so, the same would be true of such artisans. The possession intended to be prohibited is a criminal one, or a possession with a criminal intent. It must be confessed that the language of the statute as found in section seventy-eight does not express this idea in specific terms, but we think it sufficiently appears. But aside from the language of that section the language of several other sections preceding and succeeding it, which define similar offenses, make criminal intent an element of the offense and for the purpose of determining the meaning of the seventy-eighth section they may be consulted. The chapter is devoted to the general subject of " Forgery and Counterfeiting," and the different sections are but specifications of the various acts in detail which fall under that head. The forging or counterfeiting of any of the various instruments or things mentioned in the seventy-third section, or the uttering and passing the same, must be done with a criminal intent, as there stated, in order to constitute the crime of forgery. Having in possession, knowingly, counterfeit coin is equally as mischievous, if not more

so, as having possession of the means by which it may be made; yet it is not declared a crime unless accompanied by an intent not only to utter and pass it, but to do so with the further intent to defraud. (Sec. 75.) So of the cognate offenses defined in sections seventy-four, seventy-six, and seventy-seven. In view of these various provisions we are satisfied that the seventy-eighth section should be read in the sense already indicated.

In view of the well settled doctrine of this Court that an indictment is sufficient, in substance, if it describes the offense charged in the language of the statute by which it is created or defined, we hold the indictment in this case to be good; but we hold further that its language is to receive the same interpretation as that which we have given to the statute, and that to justify a conviction under it, there must be proof of a criminal intent as well as a known possession.

The instructions of the Court were substantially in accordance with the foregoing views. The jury was told expressly that they must acquit the defendant, unless they were satisfied from the evidence that he knowingly had the tools or implements in question in his possession with a criminal intent.

We cannot disregard the bill of exceptions, as suggested by the Attorney-General, because it was not settled and allowed until nearly a year after the trial. Why there was so long a delay does not appear; but it is settled that the statute in relation to the time within which bills of exceptions should be tendered and settled is directory (Crim. Prac. Act, Sec. 435,) and that this Court will not inquire into the reasons which induced the Judge below to sign them after the time fixed by the statute, but will presume they were sufficient. (*People* v. *Lee*, 14 Cal. 510.)

Under the rule announced in *Graham's Case*, 21 Cal. 265, the bill of exceptions is fatally defective because it does not appear what was the answer to the question to which objection was made. The answer may have been in the negative; and, if so, the defendant could not have been prejudiced.

But assuming that the bill of exceptions is not defective for the reason suggested, we are of the opinion that the Court did not err in its ruling, or at least that the record fails to show that the Court erred. Whoever alleges error must show it. The main, or one of the main questions involved in the case, was whether the tools or implements found in the possession of the defendant were held in possession with a criminal intent, as we have seen. Upon that question we are unable to perceive why testimony showing that he had counterfeit money in his possession at the same time was not admissible. On the contrary, it tended directly to prove that he was engaged in counterfeiting, and that he had the tools and implements in question in his possession for that purpose.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.