Filed 6/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263341 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA070995-01) |
| v. | |
| HEATH MAYNARICH, | |
| Defendant and Appellant. | |

APPEAL from an Order of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Reversed and remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

By plea of no contest to possessing three counterfeit $50 bills, defendant Heath Maynarich suffered a felony conviction for forgery, in violation of Penal Code section 475.[1] Defendant petitioned to recall his sentence under Proposition 47, contending the amendments the proposition made to section 473 made him eligible for a reduction of his forgery conviction to a misdemeanor. The trial court denied defendant's petition, concluding he was not eligible for a reduction because the counterfeit $50 bills he possessed are not "bank bills" or "notes" under section 473. As the Attorney General acknowledges, applicable precedent holds to the contrary. We therefore reverse and direct the trial court to resentence defendant unless it finds he would pose an unreasonable risk of danger to public safety.

## I.  BACKGROUND

During a probation search in May 2012, probation officers found defendant in possession of counterfeit United States currency, specifically three $50 bills. Defendant was charged with one count of forgery in violation of section 475, subdivision (a). That statute provides: "Every person who possesses or receives, with the intent to pass or facilitate the passage or utterance of any forged, altered, or counterfeit items, or completed items contained in subdivision (d) of Section 470 with intent to defraud, knowing the same to be forged, altered, or counterfeit, is guilty of forgery." Section 470, subdivision (d) lists a number of such "items," including any "bank bill" or "note"; section 470 does not make any reference to "currency."

Defendant pled no contest to the section 475 charge and the trial court placed him on formal probation for three years. After California voters approved Proposition 47, defendant filed a petition pursuant to section 1170.18 to recall his sentence and reduce the conviction to a misdemeanor offense. Defendant argued his section 475 conviction was eligible for resentencing based on the changes Proposition 47 made to section 473. As

---

[1]    Statutory references that follow are to the Penal Code.

amended, and in relevant part, subdivision (b) of that statute provides: "[A]ny person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ."

The trial court denied defendant's petition. The trial court correctly observed that section 473, as amended, applied to forgery of checks, bonds, bank bills, notes, cashier's checks, traveler's checks, or money orders. The court, however, believed defendant was ineligible for resentencing, explaining: "[U]nless currency is considered to be equivalent to any of those items, then I don't think [Proposition] 47 would apply, and—so the only question is, is currency considered a bank bill or note? And I don't think it is. It's not currency. Those are basically blank instruments that can be filled out, as opposed to, you know, forging currency, which I don't think is contemplated by [Proposition] 47."

## II. DISCUSSION

Defendant argues the counterfeit currency he possessed is within the ambit of section 473 (as amended by Proposition 47) because counterfeit United States Federal Reserve notes are "bank bills" or "notes." The Attorney General agrees, stating "it appears that U.S. currency is equivalent to 'bank bills' or 'notes' within the meaning of section 473." We now hold that is the case.

Proposition 47 reclassified certain drug and theft offenses as misdemeanors rather than felonies or "wobblers." (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1112; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) A defendant seeking to recall his or her sentence under Proposition 47 bears the burden of proving that he or she is eligible for resentencing. (*People v. Sherow*, *supra*, at pp. 879-880.)

Section 473 is the statute that governs sentencing for forgery, including the violation of section 475 at issue here. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304,

3

1308-1309.) As we have explained, section 473 states that forgery relating to a "bank bill" or "note" that does not exceed $950 in value is a misdemeanor.

United States currency, issued by the Federal Reserve Bank, qualifies as a bank bill or note. As explained in *People v. Bedilion* (1962) 206 Cal.App.2d 262, at the time of the enactment of section 475 in 1872, the expressions "bank bill" and "bank note" were synonymous terms. (*Id.* at p. 269.) "A bank bill or a bank note may be defined as a written promise on the part of the bank to pay to the bearer a certain sum of money, on demand; an obligation for the payment of money on demand, passing from hand to hand as money. . . . [¶] Of course, today the issuance of such bank notes or bills is generally forbidden by private banks and 'bills,' our paper currency, are issued only by the Federal Reserve banks." (*People v. Bedilion*, *supra*, 206 Cal.App.2d at p. 269; see also *People v. Ray* (1996) 42 Cal.App.4th 1718, 1722 ["bills" as used in section 480, proscribing counterfeiting, includes Federal Reserve notes].) Indeed, if United States currency were not a bank bill or note, defendant's conviction for violating section 475 would be suspect. That section cross-references subdivision (d) of section 470, and as stated above, subdivision (d) contains no reference to currency. Yet, as prior cases establish, a defendant who possesses counterfeit currency commits a violation of section 475. (See, e.g., *People v. Clark* (1992) 10 Cal.App.4th 1259, 1267 [defendant who possessed a counterfeit $20 bill violated section 475].) Possession of forged or counterfeit currency is a crime under section 475 precisely because such currency does qualify as a "bank bill" or "note."

It is undisputed defendant's conviction rests on facts he possessed three counterfeit $50 bills. There is therefore no issue as to whether the value of the bank bills he possessed exceeded $950. (§ 473, subd. (b).) Unless the trial court makes a discretionary determination defendant would pose an unreasonable risk of danger to public safety, it must recall his felony sentence and resentence him in accordance with the terms of section 1170.18. (§ 1170.18, subds. (b), (f).)

DISPOSITION

The trial court's order denying defendant's January 15, 2015, petition is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

CERTIFIED FOR PUBLICATION



BAKER, J.


We concur:



TURNER, P.J.



KRIEGLER, J.