Filed 7/11/16  P. v. Chung CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064713 |
| v. | (Super.Ct.No. SWF1302226) |
| PHONG THANG CHUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied the Proposition 47 petition for resentencing of defendant and appellant Phong Thanh Chung. (Pen. Code, § 1170.18.)[1] Defendant asserts the trial court erred by not reducing his conviction to a misdemeanor. The denial of the petition is reversed.

## FACTUAL AND PROCEDURAL HISTORY

On April 15, 2014, the trial court held a preliminary hearing in this case.[2] At the hearing, Deputy Shaffer testified that on July 7, 2013, at approximately 10:00 p.m., he went to a Kmart store in response to a call from the store's manager. The manager said defendant was trying to purchase goods with counterfeit bills. Defendant had tried to use five counterfeit $20 bills and three counterfeit $10 bills in making the purchase. During a search of defendant, an additional 11 counterfeit $10 bills were found. Thus, the total amount of counterfeit bills defendant attempted to use was $130, and he had a total of $240 in counterfeit bills in his possession.

An information filed on April 25, 2014, charged defendant with two crimes: (1) willfully and unlawfully passing counterfeit bills with the intent to defraud (Pen. Code, § 476); and (2) being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). Both crimes were alleged to have occurred on or about July

---

[1] All subsequent statutory references will be the Penal Code, unless otherwise indicated.

[2] Defendant requests this court take judicial notice of (1) the preliminary hearing transcript in the instant case; and (2) the appellate record in *People v. Serrato et al.* (case No. E063030). (Evid. Code, § 452, subd. (d).) We grant the request as required by law. (Evid. Code, § 453; see generally *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882-883.)

7, 2013.  The information also alleged five prison priors.  (Pen. Code, § 667.5, subd. (b).)  The information did not allege the value of the counterfeit bills.

On May 6, 2014, defendant pled guilty to the forgery charge (§ 476) and admitted suffering three prior convictions that resulted in prison sentences (§ 667.5, subd. (b)).  The trial court sentenced defendant to county jail for a term of five years, but suspended execution of one year of the jail sentence and ordered defendant to serve the balance of the four-year jail term to be followed by one year of mandatory supervision.  Defendant's plea form does not reflect the value of the counterfeit bills.  At the plea hearing, the value of the counterfeit bills was not discussed.

On December 2, 2014, defendant filed a petition to be resentenced.  (§ 1170.18.)  On the petition, in the section reflecting defendant "was convicted of a felony violation of a crime that has now been made a misdemeanor," defendant checked the box next to the line that reads, "Penal Code § 476a Writing Bad Checks."  Presumably, defendant meant to check the box next to the line that reads, "Penal Code § 476 Forgery."  Defendant also checked the box reflecting he "believes the value of the check or property does not exceed $950."  Defendant did not attach any exhibits to his petition.

The prosecutor responded to defendant's petition.  The prosecutor asserted defendant was not entitled to resentencing.  In regard to the reason for this position, the prosecutor wrote "counterfeit bills."  The trial court denied defendant's petition explaining that section "496 [*sic*] is not a qualifying felony."  We presume this is a typographical error and the trial court meant to cite section 476.

3

**DISCUSSION**

Defendant contends the trial court erred by concluding section 476 is not a qualifying felony for Proposition 47 relief (§ 1170.18).

No evidence was submitted at the trial court, so we will apply the de novo standard of review. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) Interpretation of statutes and voter initiatives require application of the same principles. "'"[W]e turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme . . . .'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Section 1170.18, subdivision (a), provides, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . Section . . . 473 . . . of the Penal Code, as those sections have been amended or added by this act."

Defendant was convicted of violating section 476, which provides, "Every person who makes, passes, utters, or publishes, with intent to defraud any other person, or who, with the like intent, attempts to pass, utter, or publish, or who has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the

4

payment of money or property of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery."

The punishment for violating section 476 is provided in section 473. Prior to the passage of Proposition 47 (§ 1170.18), section 473 reflected the crime of forgery was a wobbler. After the passage of Proposition 47, section 473 has been separated into two subdivisions. Subdivision (a) still reflects the crime of forgery is a wobbler. However, subdivision (b) reflects "any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value . . . does not exceed nine hundred fifty dollars ($950)" is guilty of a misdemeanor.

"Bank bill" and "bank note" are synonymous terms that are "derived from the expression 'bill of credit' as used in early banking history." (*People v. Bedilion* (1962) 206 Cal.App.2d 262, 269.) "A bank bill or a bank note may be defined as a written promise on the part of the bank to pay to the bearer a certain sum of money, on demand; an obligation for the payment of money on demand, passing from hand to hand as money." (*Ibid.*) In modern times, private banks are generally prohibited from issuing such bank notes or bills. "'[B]ills,' our paper currency, are issued only by the Federal Reserve banks." (*Ibid.*) Thus there are two possible meanings for "bank bill": (1) the historic meaning, which is a written promise on the part of the bank to pay the bearer a certain sum of money; and (2) the modern meaning, which is our paper currency. (*Ibid.*; *People v. Ray* (1996) 42 Cal.App.4th 1718, 1722 ["bills" means paper currency].)

5

These two meanings are reflected in the Penal Code. First, the historic meaning is reflected in section 475, subdivision (a), which refers to forgery of a "completed" bank bill. The concept of a partially unfinished bank bill lends itself to the historic definition because it is closer in nature to a check, i.e., a written promise to pay. A check can be unfinished, for example missing a payee, date, amount, or signature. A written promise to pay could also be unfinished because it is missing necessary information. Currency, on the other hand, would tend to be complete upon printing or otherwise masking the correct denomination and thus would not logically fall into a category that requires the items to be "completed."

Second, the modern meaning is reflected in section 480, subdivision (a), which provides, "Every person who makes, or knowingly has in his or her possession any die, plate, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting coin current in this state, or in counterfeiting gold dust, gold or silver bars, bullion, lumps, pieces, or nuggets, or in counterfeiting bank notes or bills, is punishable by imprisonment . . . ." The "bank notes or bills" in section 480, subdivision (a), has been interpreted as referring to paper currency. (*People v. Ray*, *supra*, 42 Cal.App.4th at p. 1722.) In the context of section 480, subdivision (a), it is reasonable to interpret the statute as referring to currency because "coin" and written promises to pay (the historic definition) do not provide compatible results, whereas "coin" and "currency" (the modern definition) are compatible.

6

In sum, we have two meanings for the term "bank bill," the historic definition and the modern definition. Section 473, subdivision (b), provides, "[A]ny person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950)" is guilty of a misdemeanor.

The question is whether "bank bill" as used in section 473, subdivision (b), refers to the historic or modern definition of term. Under the lenity rule, a court must generally interpret an ambiguous criminal statute in the defendant's favor. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1330.) Therefore, as required by the lenity rule, we conclude "bank bill" refers to the modern definition, i.e., currency.

In the instant case, defendant was convicted of passing counterfeit currency with the intent to defraud. (§ 476.) Defendant's crime, assuming the trial court finds the amount of currency was $950 or less (§ 473, subd. (b)) would qualify for being reduced to a misdemeanor (§ 1170.18). Accordingly, we will reverse the trial court's ruling so it may again consider defendant's petition.[3]

---

[3] Defendant filed a petition for writ of habeas corpus in this court. (*In re Phong Thang Chung*, E065104.) We resolve the petition by separate order.

## DISPOSITION

The denial of defendant's petition is reversed.  The trial court is directed to reconsider defendant's petition in accordance with the views expressed in this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                        J.


We concur:


HOLLENHORST
            Acting P. J.


SLOUGH
            J.

8