Filed 5/12/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SUNG JUE SEO,<br><br>    Defendant and Appellant. | G057597<br><br>(Super. Ct. No. 15NF2368)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Sung Jue Seo of carrying a loaded firearm in a vehicle (Pen. Code, § 25850, subds. (a), (c)(7); count 4),[1] a misdemeanor, and possession of counterfeiting equipment (§ 480, subd. (a); count 5), a felony.[2] Imposition of sentence was suspended and defendant was placed on formal probation for three years with the term, among others, that he serve 240 days in county jail.

On appeal, defendant seeks reversal of his conviction for violating section 480, subdivision (a) (hereafter section 480(a)), possession of counterfeiting equipment. Because the basis for the charge was the possession of "ordinary office supplies," he contends the jury should have been instructed that the offense requires possession of counterfeiting materials with a "fraudulent intent" rather than a "criminal intent." He asserts the court's failure to properly instruct the jury on the mens rea element of the offense was prejudicial error. He argues, in the alternative, that if the jury was correctly instructed that the offense requires proof of "criminal intent" then the statute is unconstitutionally vague.

The court's instruction was based on language used in a 153-year-old California Supreme Court case, *People v. White* (1867) 34 Cal. 183 (*White*), and its very limited progeny. Thus, we cannot say the instruction was legally erroneous, but it surely lacked clarity. We publish this decision to offer our suggestion on how a jury should be instructed on the elements of a section 480(a) offense. The following instruction would convey both the nature of the prohibited act and the mental state required to convict a defendant of violating section 480(a).

---

[1]   All statutory references are to the Penal Code unless otherwise stated.

[2]   The jury acquitted defendant of unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3) and was unable to reach a verdict on the charges of possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1) and receiving stolen property (§ 496d, subd. (a); count 2). The court subsequently dismissed counts 1 and 2 in the interests of justice. (§ 1385.)

The defendant is charged [in Count ___] with possession of counterfeiting equipment [in violation of Penal Code section 480].

To prove that the defendant is guilty of this crime, the People must prove that:

1. The defendant possessed any *<insert type of equipment possessed, e.g., inkjet printer>* made use of in counterfeiting *<insert things that had been or will be counterfeited by use of the equipment, e.g., currency>*;

2. The defendant knew of the presence of these items;

AND

3. The defendant knew that the items he or she possessed had been or will be used in counterfeiting *<insert things that had been or will be counterfeited by use of the equipment, e.g., currency>*.

Although we offer this instruction as having greater clarity, we reject defendant's contention that the court's instruction (that defendant must have only a criminal intent) constituted prejudicial error. If the lack of clarity constituted error, it was harmless beyond a reasonable doubt. We also reject defendant's assertion that section 480(a) is unconstitutionally vague. Accordingly, we affirm the judgment.

FACTS

After a rental car that had been kept weeks past its return date was found in a motel parking lot, a Buena Park police officer began surveilling it. A few hours later, the officer approached defendant as he was loading boxes and duffel bags into the backseat of the car. Upon searching defendant's motel room, the officer found several pieces of linen paper on the floor and in the trash can; one had an outline of a $20 bill on it.

3

When the police searched the boxes and bags defendant had been loading into the car, they found a loaded handgun registered to defendant in a computer bag. They also found evidence defendant had been attempting to counterfeit $5 and $20 bills, including some pieces of paper with these denominations printed on them. Other pieces of paper had currency printed on them and had been cut into the shape of regular bills. One piece of paper had the front and back of a $20 bill copied on to it. Some versions of the bills were more complete than others as some did not have backs.

Defendant also had a piece of paper with four authentic $5 bills taped to it, a template, and this template had been copied onto linen paper using an inkjet printer. Linen paper is sometimes used in counterfeiting because its texture feels more like actual currency than basic printer paper. Additional pieces of linen paper, as well as a laptop computer and an inkjet printer, which is commonly used in counterfeiting currency, were found in defendant's possession. Police also recovered four bottles of paint, paint brushes, a paint pen, and acetone nail polish remover. A United States Secret Service Special Agent with training in identifying counterfeit currency opined that the inkjet printer, linen paper, and acetone were items used in the manufacturing of counterfeit currency.

DISCUSSION

Defendant raises two contentions; both concern the mens rea required for the offense of possession of counterfeiting equipment under section 480(a). First, defendant contends the court erred with its instruction to the jury on the intent element. The court rejected a defense proposed instruction requiring the prosecution prove defendant possessed counterfeiting materials with an intent to defraud. Instead, the court instructed the jury that the elements of the offense were: "1. The defendant knowingly possessed any dye, any apparatus, or paper made use of in counterfeiting bank notes or

4

bills; [¶] 2.  The defendant possessed the items with criminal intent."  Defendant contends that where, as here, the basis of the charge is the possession of a printer and paper, which are "ordinary office supplies," the jury should be instructed the offense requires possession with a "'fraudulent intent.'"  Second, he asserts that if the offense requires only a criminal intent and does not require fraudulent intent then it is unconstitutionally vague.  The Attorney General contends the court properly declined to instruct the jury that an intent to defraud is required for the offense.  He argues that possession of counterfeiting materials is a general intent crime and that defendant's vagueness challenge fails.  The Attorney General has the better arguments.

*Intent to defraud is not an element of a section 480(a) offense.*

"In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence."  (§ 20.)  To determine the intent required for the crime of possessing counterfeiting equipment, we begin by examining "the statutory language describing the proscribed conduct, including any express or implied reference to a mental state."  (*People v. Hering* (1999) 20 Cal.4th 440, 445.) Section 480(a) provides:  "Every person who makes, or knowingly has in his or her possession any die, plate, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting coin current in this state, . . . or in counterfeiting bank notes or bills, is punishable by imprisonment . . . ."  Simply stated, section 480(a), prohibits "knowingly" possessing items "made use of in counterfeiting" currency.[3]  "The

---

[3]        Section 480(a) prohibits possession of equipment made use of in counterfeiting a wide variety of items.  In full, the possession of equipment is prohibited if it is made use of in counterfeiting "coin current in this state, or in counterfeiting gold dust, gold or silver bars, bullion, lumps, pieces, or nuggets, or in counterfeiting bank notes or bills."  (*Ibid.*)  In *People v. Ray* (1996) 42 Cal.App.4th 1718, the court rejected the absurd argument that "bank notes or bills" did not include the ubiquitous Federal Reserve notes used regularly by all.  For convenience, we will simply describe the subject of the counterfeiting as "currency."  (*Id.* at pp. 1722-1723.)

5

word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of [the Penal C]ode. It does not require any knowledge of the unlawfulness of such act or omission." (§ 7, subd. (5).)

"'When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.'" (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328.) Because section 480(a) simply describes a particular act—possession of items made use of in counterfeiting—without reference to an intent to do a further act or achieve a future consequence, it is deemed a general intent crime. Thus, to be convicted of violating section 480(a), a defendant must knowingly possess an item (die, paper, machine or apparatus) that he or she knew was or will be used in the counterfeiting of currency. A defendant who does not know that he or she is in possession of equipment that was or will be used in counterfeiting currency is not guilty of violating section 480(a). Thus, section 480(a) does not require a specific intent to do a further act or achieve a future consequence such as defrauding another.

As defendant acknowledges, the statute "does not explicitly" require the prosecution prove the possessor had fraudulent intent. The gravamen of the offense is the knowing possession of tools or instruments used in the process of counterfeiting currency. (*People v. Clark* (1992) 10 Cal.App.4th 1259, 1264.) Section 480 does not require proof that the defendant has actually produced completed counterfeit items. (*Ibid.*) Nor must the prosecution prove the defendant intends to utter or pass counterfeit bills with the intent to defraud as this is separately punished under section 475. (*Clark*, at pp. 1263-1267; see *id.* at p. 1267 ["the Legislature has discerned separate harms and thus

6

has separately treated the possession of completed counterfeit bills and the making or possessing of the means of counterfeiting"].)

Even though the plain language of section 480(a) does not include a fraudulent intent requirement, defendant nonetheless urges us to graft one onto the statute, at least when the charge is based on possession of "ordinary office equipment like . . . paper and [a] printer." We decline the invitation. Examination of the history of section 480(a) and a comparison with related statutes demonstrates that it is not necessary to impute a fraudulent intent requirement into the statute generally or under the circumstances identified by defendant.

Since enactment in 1872 of the first predecessor of section 480(a), the pertinent language of the statute has remained unchanged, prohibiting the knowing possession of materials made use of in counterfeiting currency.[4] At no point has the Legislature included an intent to defraud element in the statute.[5]

---

[4]  Section 480 has been amended three times since its enactment. It was first amended in 1977 to add a triad term of imprisonment. (Stats. 1977, ch. 165, § 6.) Second, in 1999, stylistic and organizational changes were made to what is now subdivision (a), and subdivision (b) was added. (Stats. 1999, ch. 254, § 2.) Third, the statute was amended in 2011 as part of the Criminal Justice Realignment Act (Stats. 2011, 1st Ex. Sess. 2011-2012, ch.12, § 1), to indicate the offense was punishable by imprisonment under section 1170, subdivision (h). (Stats. 2011, ch. 15, § 364.)

[5]  Even if we look back to the predecessor of section 480(a), which was section 78 of the 1850 Act Concerning Crimes and Punishments, we still do not find a fraudulent intent requirement. Section 480(a), is nearly identical to section 78, which stated: "Every person who shall make, or knowingly have in his possession, any die or dies, plate or plates, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting the coin now made current, or hereafter to be made current in this State, or in counterfeiting bank notes or bills, upon conviction thereof shall be punished by imprisonment in the State prison for a term not less than one, nor more than fourteen years; and all such dies, plates, apparatus, paper, metal, or machine, intended for the purpose aforesaid, shall be destroyed." (Stats. 1850, ch. 99, § 78, p. 238.)

7

Chapter 4 of the Penal Code deals generally with crimes of forgery and counterfeiting. The absence of an intent to defraud element in section 480(a) is telling as the Legislature has included an intent to defraud element in many of the other statutes in chapter 4. The offenses of possession of counterfeit currency (§ 479) or counterfeiting railroad or steamship tickets (§ 481) require an intent to defraud. Similarly, an intent to defraud is an essential element of forgery (§ 470), forgery of a public or corporate seal (§ 472), forgery of a bill, note or check (§ 476), and forgery or alternation of an entry in a book of records (§ 471). (See §§ 471.5 [falsification of medical records], 474 [sending false or forged telegraph or telephone message], 476a [making or uttering a check with insufficient funds].) The Legislature's omission of an intent to defraud element in section 480(a), when it included such language in several related statutes, is significant. "'When the Legislature "has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded."'" (*People v. Buycks* (2018) 5 Cal.5th 857, 880.) Defendant fails to persuade us that we must add an intent to defraud element in section 480, when the Legislature has chosen not to. (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925 ["In construing a statute, it is the role of the judiciary to simply ascertain and declare what is in terms or in substance contained in the statute, not to insert what has been omitted or omit what has been included"].)

Accordingly, we conclude the court properly refused to instruct the jury that the offense of possession of counterfeiting tools in section 480(a), requires an intent to defraud.

*The court did not prejudicially err by instructing the jury the offense requires proof of a criminal intent.*

We turn to the question of whether the court properly instructed the jury that the offense requires proof of a "criminal intent."

The jury was instructed that the charge of possession of counterfeiting equipment required a specific intent or mental state and that for defendant to be found guilty of the crime, he "must not only intentionally commit the prohibited act, but must do so with a specific intent." This instruction, CALCRIM No. 252 ("Union of Act and Intent"), further informed the jury that "[t]he act and the specific intent require[ment] were] explained in the instruction for [the] crime." As there is no standard CALCRIM instruction covering the offense of possession of counterfeiting tools, the court crafted an instruction after receiving proposals by both parties.[6] The court instructed the jury that the two elements of the offense were: "1. The defendant knowingly possessed any dye, any apparatus, or paper made use of in counterfeiting bank notes or bills; [¶] 2. The defendant possessed the items with criminal intent." During its deliberations, the jury asked (1) for the "[d]efinition of criminal intent;" (2) "Is it illegal to copy [and] print US curr[e]ncy?" and (3) "Is printing copies of US curr[e]ncy illegal?" In a written response, the court told the jury that "[c]riminal intent is the intent to commit a crime" and referred the jury back to the instruction on the offense "for the elements of the crime charged."

The instruction given to the jury was adapted from language in *People v. Franz* (2001) 88 Cal.App.4th 1426. In *Franz,* the issue was whether the defendant's conviction under 18 United States Code section 472 included all of the elements of section 480(a) as required to impose a prior prison term enhancement. (*Franz,* at pp.

---

[6]　The defense proposed instruction included an intent to defraud element, patterned after CALCRIM Nos. 1925 and 1926, the instructions for counterfeiting a government, public, or corporate seal and possession of a counterfeit seal in violation of section 472. As discussed *ante*, a violation of section 480(a) does not require fraudulent intent and the court properly refused to include this element in its instruction.

9

1450-1452; see § 667.5, subd. (f).)  Comparing the elements of the federal crime to the state statute, the Court of Appeal stated, "[T]he elements of the offense described by section 480 are as follows:  [¶]  1.  That a person knowingly possessed paper made use of in counterfeiting bank notes or bills but not consisting of the completed counterfeit bank notes or bills themselves;  [¶]  2.  That the possession was with criminal intent."  (*Franz*, at pp. 1452-1453.)  The *Franz* court based these elements on the decisions in *White*, *supra*, 34 Cal. 183 and *People v. Clark, supra*, 10 Cal.App.4th 1259.  (*Franz,* at p. 1452.) As the "criminal intent" language originated in *White* and was not analyzed in *Franz*, our analysis moves to the decision in *White*.

In *White,* the defendant was convicted of violating section 78, the predecessor to section 480.[7]  (*White, supra*, 34 Cal. at p. 186.)  On appeal, he contended the indictment stated no offense.  (*Id.* at p. 186.)  The Supreme Court rejected this contention, noting that the indictment employed the same language as the statute. Interpreting the statute, the Supreme Court indicated: "We do not consider that it was the intention of the Legislature to declare that every person who knowingly has in his possession any of the tools, implements or materials mentioned in the statute; or, in other words, any tools, implements or materials which are or may be used in counterfeiting, without any criminal intent, shall be deemed guilty of crime.  To so hold would be to ignore one of the indispensable elements of crime.  To constitute crime, in the nature of things and according to the declared will of the Legislature, there must be a joint operation of act and criminal intent, or criminal negligence.  [Citation.]  If the mere making or knowingly having in possession paper and metals which are used in counterfeiting, without any intent to make such use of them, be a crime, then is every maker of bank paper and every vendor or worker in gold, silver and such base metals as are, or may be used in counterfeiting, guilty of crime.  Doubtless there are many tools and

---

[7]      See footnote 5, *ante*.

implements in use among artisans which are adapted to, or can be, and are made use of by counterfeiters in their business; if so, the same would be true of such artisans. The possession intended to be prohibited is a criminal one, or *a possession with a criminal intent*." (*Id.* at pp. 186-187, italics added.)

The Supreme Court concluded "that to justify a conviction under" the statute, "there must be proof of a criminal intent as well as a known possession." (*White, supra*, 34 Cal. at p. 188.) The court indicated the instructions given to the jury substantially complied with its interpretation of the statute as "[t]he jury was told expressly that they must acquit the defendant, unless they were satisfied from the evidence that he knowingly had the tools or implements in question in his possession with a criminal intent." (*Ibid.*)

As defendant notes, *White* holds the offense requires "possession with a criminal intent" (*White, supra*, 34 Cal. at p. 187) but does not define "what *sort* of criminal intent" is required. "There are two kinds of criminal intent: general intent and specific intent." (*People v. Keovilayphone* (2005) 132 Cal.App.4th 491, 496.) At the time *White* was decided, it was not necessary to differentiate between general intent and specific intent as these concepts had not yet been fully developed. (See *People v. Hood* (1969) 1 Cal.3d 444, 457 [in 1872 "'specific' and 'general' intent were not yet terms of art"].) Based on since-established principles, it is clear that the offense of possession of counterfeiting equipment is a general intent crime that requires the specific mental state of knowledge, as discussed *ante*.

Thus, as to the elements of the offense, a clear jury instruction would have told the jury that the prosecution must prove: (1) The defendant possessed any apparatus, paper, machine or other things that had been or will be used in counterfeiting currency; (2) the defendant knew of the presence of these items; and (3) the defendant knew that the items he or she possessed had been or will be used in counterfeiting currency. Such an instruction articulates both the criminal act of knowing possession and the mental state

11

of knowing the wrongful purpose for which the items possessed had been or will be used. The knowing possession requirement prevents criminalizing the innocent possession of linen paper, inkjet printers, and other "office supplies," which defendant is concerned about.

Obviously, not all acts of possessing linen paper or an ink jet printer are illegal; only the knowing possession of items actually used or intended to be used in the process of counterfeiting currency is criminalized. (*White, supra*, 34 Cal. at p. 187.) Where the basis for the charge is the possession of linen paper or other common office supplies, the circumstances surrounding the defendant's possession—time, place, manner, and destination—will likely be relevant in determining whether the defendant had the requisite knowledge—that is, knew the items he or she possessed had been or were to be used in counterfeiting currency. (See, e.g., *People v. Grubb* (1965) 63 Cal.2d 614, 620-621 [considering "the attendant circumstances, including the time, place, destination of the possessor, the alteration of the object from standard form, and other relevant facts" in determining whether the possessor of an item commonly used for a nonviolent purpose (i.e., table leg, baseball bat) intended to "use the object for a dangerous, not harmless, purpose"].)

The instruction the court gave here, telling the jurors that in order to convict defendant they must find he possessed counterfeiting equipment with a criminal intent, while not incorrect under *White* and its progeny, was not a model of clarity, as evidenced by the jury's request for a "[d]efinition of criminal intent." Nevertheless, defendant was not prejudiced by the court's instruction as any error was harmless beyond a reasonable doubt. (*People v. Chun* (2009) 45 Cal.4th 1172, 1201; *Chapman v. California* (1967) 386 US. 18, 24.) The evidence presented and counsels' closing arguments establish beyond a reasonable doubt that a rational jury would have reached the same verdict absent any error.

12

Evidence that defendant knowingly possessed paper, a printer, and other items used in the process of counterfeiting currency was overwhelming. Indeed, this was not really disputed at trial. The parties' closing arguments, instead, focused on whether defendant possessed the items with a "criminal intent." The parties told the jurors this meant they had to find defendant wanted to commit fraud or "do something illegal" with the counterfeiting equipment. The prosecutor asked the jury to consider why defendant possessed the printer, paints, and linen paper, arguing that defendant possessed the items because he wanted "to commit some type of fraud on someone." Defense counsel argued to the jury that the prosecution had failed to prove defendant "had this counterfeit equipment to do something illegal, criminal." Given the evidence that defendant possessed equipment used for counterfeiting bills and possessed the incomplete product of that process, there was no dispute that he knew of the presence of the counterfeiting equipment and knew that it had been used in counterfeiting currency.

Accordingly, we conclude any instructional error was harmless beyond a reasonable doubt.


*Section 480(a) is not unconstitutionally vague.*

Defendant contends that section 480(a), is unconstitutionally vague on its face, asserting it "provides no guidance whatsoever as to what it actually prohibits" as it "criminalizes possession of mere paper and computers when accompanied by the nebulous mental state of 'intent to commit a crime.'" The Attorney General argues that defendant's vagueness challenge is "built on a false premise" because it ignores "the 'made use of in counterfeiting' language in [section 480(a)], which makes clear the statute criminalizes only the possession of equipment that the perpetrator knows [is] being used or had been used to counterfeit bills." We agree with the Attorney General.

13

"A statute is not unconstitutionally vague if the 'accused can reasonably be held to understand by the terms of the statute that his conduct is prohibited.' [Citation.] 'A statute must be definite enough to provide a standard of conduct for its citizens and guidance for the police to avoid arbitrary and discriminatory enforcement.' [Citation.] A '"statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application"' violates the due process requirement of adequate notice. [Citation.] But a 'statute is not vague if . . . any reasonable and practical construction can be given to its language. Reasonable certainty is all that is required.' [Citation.] There is a '"strong presumption that legislative enactments 'must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears.'"'" (*People v. Acosta* (2014) 226 Cal.App.4th 108, 116-117.)

A person of common intelligence can understand that section 480(a) prohibits only the knowing possession of items used in the process of counterfeiting currency. The statutory language is "sufficiently definite to provide adequate notice of the conduct proscribed" and "to prevent arbitrary and discriminatory enforcement." (*People v. Mary H.* (2016) 5 Cal.App.5th 246, 260.) Defendant's vagueness challenge fails as section 480(a), is not unconstitutionally vague.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.